```
                                                    FILE
                                               IN OPEN COURT

                                                DEC 20 2023

                                           CLERK, U.S. DISTRICT COURT
                                                NORFOLK, VA
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 2:23cr 139 |
| | ) | |
| v. | ) | |
| | ) | |
| TRUE NORTH TACTICAL, LLC, | ) | |
| | ) | |
| *Defendant.* | ) | |

## PLEA AGREEMENT

Jessica D. Aber, United States Attorney for the Eastern District of Virginia, Joseph L. Kosky, Assistant United States Attorney, along with the defendant, **TRUE NORTH TACTICAL, LLC** (TNT), represented by attorney John West, have entered into a plea agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

1. **Offense and Maximum Penalties**:

The defendant agrees to waive indictment and plead guilty to a one count Criminal Information. The information charges the defendant with unlawful importation, in violation of Title 18, United States Code, Section 545.

The maximum penalties for the count of conviction are: (a) at least one but no more than five years of probation; (b) a maximum fine of $500,000 per count, or an amount not greater than twice the gross gain or loss from the offense; and (c) a $400 special assessment per count. 18 U.S.C. § 545, and 18 U.S.C. §§ 3013, 3561, and 3571(c).

2. **Sentencing Guidelines**

The United States and TNT agree that the 2023 United States Sentencing Commission

Guidelines Manual will be used in this case.

**Offense Level**. Based upon U.S.S.G. § 2T3.1, the total offense level is 12, calculated as follows:

| | | |
|---|---|---:|
| | (a)(3) Base Offense Level | 4 |
| | (b)(1) Sophisticated Means | +2 |
| | **TOTAL** | **12*** |

\* - If an enhancement for Sophisticated Means is applied, the resulting offense level can be no less than 12.

**Base Fine**. Based upon U.S.S.G. § 8C2.4(a)(2), the base fine is $208,446.34 (the pecuniary gain from the offense)

**Culpability Score**. Based upon U.S.S.G. § 8C2.5, the culpability score is 3, calculated as follows:

| | | | |
|---|---|---|---:|
| (a) | Base Culpability Score | | 5 |
| (g)(2) | The organization cooperated in the investigation and clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct | | -2 |
| | **TOTAL** | | **3** |

**Calculation of Fine Range**.

| | |
|---|---:|
| Base Fine (U.S.S.G. § 8C2.4(a)(2)) | $208,446.34 |
| Multipliers (U.S.S.G. § 8C2.6) | .60 (min) /1.20 (max) |
| Fine Range (U.S.S.G. § 8C2.7) | $125,067.80 to $250,135.61 |
| Statutory Maximum Fine (18 U.S.C. § 3571(d)) | $416,892.68 |



## 3. The Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B) and in compliance with 18 U.S.C. § 3551(c), the United States and the defendant agree to jointly recommend that the sentence to be imposed by the Court shall include the following components.

(a) Within 30 days of the entry of judgment, TNT shall dissolve and cease operations;

(b) The parties agree that a nominal fine of $1.00 is warranted, because TNT is dissolving, there will be no costs of probation, restitution is inapplicable, TNT has no criminal history, and TNT cooperated in the investigation;

(c) The parties agree that restitution is inapplicable.

(d) Special Assessment -- Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of $400.00.

The parties understand that these recommendations are not binding on the Court, and that the defendant has no right to withdraw the plea if the court does not follow the recommendation or requests proposed here.

## 4. Relevant Considerations

The United States enters into this Agreement based on the individual facts and circumstances presented by this case and TNT, including:

a. the nature and seriousness of the offense conduct that, among other things, involved a multi-year scheme to import goods from foreign countries; to alter their original country of origin labels to falsely indicate that the goods were manufactured in the United States; knowing the goods would be supplied to the United States on various military procurement contracts in contravention of law requiring the goods to be manufactured in the United States; resulting in substantial unlawful gains to TNT in the amount of at least $208,446.34;

b. the Defendant did not receive voluntary disclosure credit pursuant to the Corporate Enforcement Policy in the Department of Justice Manual ("JM") § 9-47.120, or pursuant to the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), because it did not voluntarily and timely disclose to the United States the conduct described in the attached Statement of Facts. The Defendant's conduct and cooperation predates the enactment of the February 27, 2023 Voluntary Self-Disclosure Policy for the U.S. Attorney's Office for the Eastern District of Virginia

c. the Defendant received credit for cooperation under U.S.S.G. § 8C2.5(g)(2), because it cooperated with the United States' investigation and demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct; the Defendant also received partial credit for its cooperation with the United States' investigation pursuant to the Corporate Enforcement Policy. JM § 9-47.120, by, among other things, producing documents to the United States, making witnesses available for interview, and providing to the United States relevant facts known to it, including information about various violations of the Berry Amendment;

d. the Defendant had an inadequate and ineffective compliance program and internal controls during the period of the conduct described in the attached Statement of Facts;

e. the Defendant has no prior criminal history.

**5. Corporate Authorization**

The defendant will provide to the Court and to the United States written evidence in the form of a notarized resolution of the managing member with notary seal, certifying that the defendant is authorized to plead guilty to the charges set forth in the Information, and to enter into and comply with all provisions of this agreement. The resolution shall further certify that the person representing the defendant is authorized to take these actions and that all corporate



formalities, including but not limited to, approval by the defendant's managing member, required for such authorization, have been observed.

6. **Organizational Changes**

The defendant shall not, through a change of name, business reorganization, sale or purchase of assets, divestiture of assets, or any similar action, seek to avoid the obligations and conditions set forth in this plea agreement. This plea agreement, together with all of the obligations and terms hereof, shall inure to the benefit of and bind partners, assignees, successors-in-interest, or transferees of the defendant. Any sale, transfer, or other re-organization of the business as referenced in this paragraph shall be subject to approval of the Court.

7. **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offenses. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

8. **Assistance and Advice of Counsel**

The defendant is satisfied that its attorneys have rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal corporate defendants include the following:

   a. the right to plead not guilty and to persist in that plea;

   b. the right to a jury trial;

   c. the right to be represented by counsel; and



    d.    the right at trial to confront and cross-examine adverse witnesses, to testify and present evidence, and to compel the attendance of witnesses.

## 9. Role of the Court and the Probation Office

The parties agree that this agreement was negotiated and agreed upon pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The defendant has no right to withdraw the plea if the court does not follow the recommendation or request.

## 10. Waiver of Appeal

The defendant also understands that Title 18, United States Code, Section 3742(a) affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and sentence imposed, unless the sentence is in violation of the law.

## 11. Immunity from Further Prosecution in this District

In return for the complete fulfillment by the defendant of its obligations under this agreement, the United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the criminal conduct known to the government, as set forth in the Criminal Information, and the Statement of Facts, or other violations of federal criminal law associated with the criminal conduct set forth in the Criminal Information and the Statement of Facts, which is known to the government as of the date of sentencing.

## 12. Breach of the Plea Agreement and Remedies

This agreement is effective when signed by the defendant, the defendant's attorneys, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorneys). If the defendant withdraws from this agreement, or commits or attempts to commit any

additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a. The United States will be released from its obligations under this agreement. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

    b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

    c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

### 13. Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and its counsel acknowledge



that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Jessica D. Aber
United States Attorney

By: _____
Joseph L. Kosky
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number - 757-441-6331
E-Mail: joseph.kosky@usdoj.gov



Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorneys. I understand this agreement and voluntarily agree to it.

TRUE NORTH TACTICAL, LLC

Date: 15 SEPT 2023

By: _____
David M. Bohannon II, Member

Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____

Date: 9/15/2023

John S. West
Attorney for TRUE NORTH TACTICAL, LLC



Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorneys. I understand this agreement and voluntarily agree to it.

TRUE NORTH TACTICAL, LLC

Date: 9-18-2023

By: _____
David M. Bohannon II, Member

Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____

Date: 9-18-2023

John S. West
Attorney for TRUE NORTH TACTICAL, LLC



U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
| --- | --- |
| CRIM. ACTION NO.: | |
| DEFENDANT'S NAME: | TRUE NORTH TACTICAL, LLC |
| PAY THIS AMOUNT: | $400.00 |

INSTRUCTIONS:

1. MAKE CHECK OR MONEY ORDER PAYABLE TO:
   *CLERK, U.S. DISTRICT COURT*

2. PAYMENT MUST REACH THE CLERK=S OFFICE BEFORE YOUR SENTENCING DATE

3. PAYMENT SHOULD BE SENT TO:

| | In person (9 AM to 4 PM) | By mail: |
| --- | --- | --- |
| Alexandria cases: | Clerk, U.S. District Court<br>401 Courthouse Square<br>Alexandria, VA 22314 | |
| Richmond cases: | Clerk, U.S. District Court<br>701 East Broad Street, Suite 3000<br>Richmond, VA 23219 | |
| Newport News cases: | Clerk, U.S. District Court<br>2400 West Ave, Ste 100<br>Newport News, VA 23607 | |
| Norfolk cases: | Clerk, U.S. District Court<br>600 Granby Street<br>Norfolk, VA 23510 | |

4. INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER
5. ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT